B. N. STERNBERG, Appellant, *v.* T. W. VALENTINE ET AL., Respondents.

#### June 11, 1878.

1. One is not rendered incompetent to act as trustee in a deed of trust to secure the purchase-money by reason of having acted as attorney in fact in the sale of the property to the mortgageor.

2. The mere fact that at the foreclosure sale under a deed of trust the trustee requested a bidder to advance his bid is no ground for setting aside the foreclosure.

3. Where one had a deed of trust upon two contiguous houses and lots, and another had a deed of trust upon one of them, the trustee in the first properly obeyed a request of the holder of the second, and offered for sale first the property upon which was only one encumbrance.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

FISHER & ROWELL, for appellant: One cannot act as attorney in fact for the creditor, and trustee to enforce collection by a sale of the debtor's property.—*Thornton* v. *Irwin*, 43 Mo. 153; *Stoffel* v. *Schroeder*, 62 Mo. 147; *Roche* v. *Farnsworth*, 106 Mass. 509; *Montague* v. *Davis*, 4 Allen, 369; *Stewart* v. *Severance*, 43 Mo. 322. Trustees in deeds of trust with powers of sale to secure debts are considered agents of both parties, and must act with strictest impartiality.—*Goode* v. *Comfort*, 39 Mo. 313; *Brown* v.

*Russler*, 15 Ill. 507 ; *Howard* v. *Arms*, 3 Metc. 311 ; *Chesley* v. *Chesley*, 49 Mo. 540.

HITCHCOCK, LUBKE & PLAYER, for respondents : Where two pieces of property are first mortgaged together to one party, and one of the two pieces is subsequently mortgaged separately to a second mortgagee, the holder of the second mortgage has a right to have the piece not included in his mortgage sold first to satisfy the first mortgage.— 1 Story's Eq. Pl. 564*c* ; *Warren* v. *Warren*, 30 Vt. 530 ; *Lloyd* v. *Galbraith*, 32 Pa. St. 103 ; *Henshaw* v. *Wells*, 9 Humph. 568 ; *Cowdrey* v. *Carpenter*, 1 Abb. App. Dec. 445 ; *Oppenheimer* v. *Walker*, 5 Thomp. & C. 325 ; 3 Hun, 30 ; 2 Washb. on Real Prop. 576 ; Bispham's Eq., sect. 340.

LEWIS, P. J., delivered the opinion of the court.

Plaintiff seeks to set aside a sale made under a deed of trust executed by himself to defendant Wurth to secure an indebtedness of $6,000 and interest to defendant Valentine. The Circuit Court, upon a hearing of the testimony, dismissed the plaintiff's bill.

The first ground of complaint is that the trustee acted in the double capacity of attorney in fact for the creditor, and trustee to enforce the collection by a sale of the debtor's property. The supposed incompatibility is not illustrated by any authority, nor is any reason given us for its recognition as a cause of invalidity in the sale. It appears that Wurth, acting under a power of attorney from Valentine, sold and conveyed to plaintiff two lots on Menard Street in the city of St. Louis. The deed recited the power of attorney from Valentine, the grantor, which had been duly recorded, and was executed and acknowledged by Wurth as attorney in fact. Plaintiff thereupon executed a deed of trust, making Wurth the trustee, conveying the same property to secure the deferred payment of purchase-money. Having thus selected the trustee with full knowledge of the relation in which he stood to the creditor, it is

difficult to perceive how the plaintiff can now undertake to invalidate the discharge of the trust because of that relation. The attempt is sanctioned by no principle of justice or equity.

Plaintiff complains, secondly, of an alleged irregularity in the bidding, implying bad faith in the trustee. The only testimony which connected the trustee with the bidding was given by the trustee himself. He said : " Mr. Boeck bid on the property for Valentine. I did not ask Mr. Boeck to bid the property off. He bid it off for Mr. Valentine. When the bid on the house occupied by Sternberg reached $2,700, Mr. Boeck asked me whether he should go higher. I requested Boeck to bid as high as $2,900 for the house occupied by Sternberg." Upon these statements the plaintiff based his objection that " the trustee had no right to buy at his own sale," and refers us to several authorities in support of the general proposition. The general rule is unquestionable, but we cannot perceive its application here. The trustee did not buy. He says he did not request Boeck to buy. It was for the plaintiff's interest that the property should bring as much as possible. Valentine, on the contrary, as a purchaser, was interested in getting it at the lowest price. When, therefore, Boeck was about to stop bidding, and the trustee desired him to run the property yet higher, if there was any failure of impartiality, as the plaintiff charges, it was manifestly against Valentine and in the plaintiff's favor. We cannot discover in these proceedings the slightest departure from the impartiality and integrity which should prevail in the acts of a trustee charged with duties affecting the rights of different parties. Nothing in the testimony tends to show that in the matter of bidding at the sale there was any combination between the trustee and Valentine to the detriment of the plaintiff, or that any injury has resulted to the plaintiff from a failure of the trustee to exercise a wise and sound discretion. If it were shown that the trustee had procured Boeck to bid

for Valentine, the plaintiff could not complain, since the greater the number of bidders the better it was for his interest. If the trustee had purchased for himself, through an outside bidder or otherwise, there might arise a presumption that he had unfairly conducted the sale. But while that fact is wanting, no other is supplied to raise the least suspicion of unfairness. It would be a waste of time to consider the question whether a man may hold a general power of attorney from another, and at the same time act honestly as a trustee between that other and a third party. It is not pretended that there was the least interference with the auctioneer employed by the trustee to make the sale.

The third and last objection to the sale arises upon the following facts: The northern lot was occupied by the plaintiff as a residence. Desiring to save his homestead if possible, he caused a notice to be duly served on the trustee, directing the sale of the southern lot first. The plaintiff had given a second deed of trust on the southern lot to Catherine Loos, to secure a debt of $3,000. Mrs. Loos, through her agent, demanded of the trustee, in writing, that he cause the northern lot to be sold before destroying her security by a sale of the southern. The trustee, upon advice of counsel, obeyed the direction of Mrs. Loos, selling the northern lot before the other. The first lot was purchased by Valentine at the price of $2,900. The second was sold to George Wernsberg for $4,225. No complaint is made as to the second sale. Plaintiff insists that the trustee had no right to yield to the demand of Mrs. Loos, and that in failing to obey the plaintiff's direction he grossly violated his trust.

It has long been an established rule in equity jurisprudence that where a creditor has a lien on two funds in the hands of the same debtor, and another creditor has a lien on only one of them, the first may be compelled in equity to levy his debt out of the fund to which the other cannot

resort.  *Lloyd* v. *Galbraith*, 32 Pa. St. 103.  The applications of the rule are numerous, and in no cases are they found more fitting than in those of second mortgages of one parcel among others subject to an earlier encumbrance. *Warren* v. *Warren*, 30 Vt. 530; *Henshaw* v. *Wells*, 9 Humph. 568.  It is unquestionable that if Mrs. Loos had gone into equity to compel, for the satisfaction of Valentine's debt, a resort to the lot not covered by her deed of trust, before proceeding against the one which constituted her security, the court would have granted her prayer.  The opposition of the debtor would have availed nothing, since it would have appeared to be a deliberate effort to cut off Mrs. Loos from her entire security; and because, also, having transferred to her his equity of redemption, he stood in no position to control the sale in a manner contrary to her wishes.  It thus appears that the trustee did precisely what he would have been compelled to do if a court of equity had interposed.  Under such circumstances, it is impossible to say that he either violated his trust or acted with an unwise discretion.  We can find in the plaintiff's case no reason whatever for disturbing the sale.

. The judgment of the Circuit Court will be affirmed. Judge Bakewell concurs; Judge Hayden absent.